UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| JEFFREY M. BISCH, and ) | Case No. 09-20426-659 |
| DEBRA S, BISCH, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| JEFFREY M. BISCH, and ) | **Adversary No. 09-2017-659** |
| DEBRA S. BISCH, ) | |
| ) | **PUBLISHED** |
| Plaintiffs, ) | |
| ) | |
| -v- ) | |
| ) | |
| MISSOURI DEPARTMENT OF REVENUE, ) | |
| ET. AL., ) | |
| ) | |
| Defendants. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Plaintiffs' Complaint to Obtain Discharge of Back Taxes Due to the Missouri Department of Revenue, Defendant Missouri Department of Revenue's First Amended Answer, Plaintiffs' Brief in Support of Adversary, Joint Stipulation of Facts, Defendant Missouri Department of Revenue's Brief and Plaintiff's [sic] Reply Brief. The matter was taken as submitted. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

On August 24, 2009, Debtors Jeffrey M. Bisch and Debra S. Bisch (hereinafter "Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Prior to filing their bankruptcy case, Debtors had a balance of $8,391.73 in unpaid income taxes, including interest, for the tax year 2004, and a balance of $5,852.28 in unpaid income taxes, including interest, for the tax year 2005.

Debtors' Missouri income tax return for 2004 was due on August 15, 2005 after Debtors requested and were granted a filing extension to that date. Debtors filed their joint Missouri income

tax return on August 16, 2005.  That same day, Debtors were electronically issued a refund of

$5,283.00 based on the adjusted gross income of $23,736.00 reported on their 2004 return.

Debtors' Missouri income tax return for 2005 was initially due on April 15, 2006.  Debtors

requested and were granted an extension until August 15, 2006 to file their 2005 return.  Debtors

electronically submitted their 2005 return on July 1, 2006.  Based on the adjusted gross income

reported of $29,980.00, Debtors claimed entitlement to a refund of $6,386.00, subject to an off-set

of $471.78 for past-due sales tax.  Debtors were electronically issued a refund of $5,914.22 that

same day.

Debtors' accountant realized accounting errors in Debtors' 2004 and 2005 Missouri and

federal income tax returns.  Debtors submitted an amended federal return for 2004 and 2005 on

June 30, 2008 which showed taxes owed.  On July 1, 2008, Debtors filed amended Missouri income

tax returns for both 2004 and 2005.  The 2004 amended Missouri return reported an adjusted gross

income of $157,736.00 and a tax liability of $6,478.00.  The 2005 amended Missouri return reported

an adjusted gross income of $139,720.00 and a tax liability of $4,747.00.

On November 19, 2008, the Missouri Department of Revenue (hereinafter "MDOR") sent

Debtors a notice of deficiency for 2004 (hereinafter "2004 Notice of Deficiency") and a notice of

deficiency for 2005 (hereinafter "2005 Notice of Deficiency").  Both the 2004 Notice of Deficiency

and the 2005 Notice of Deficiency state the following:

> **YOU HAVE THE RIGHT TO PROTEST THIS ASSESSMENT.**... If
> you wish to file a protest, **you must do so within 60 days of the
> date of this notice**...
>
> Unless you pay or file a protest of the amounts shown with the
> Department of Revenue within 60 days of the date of this notice, the
> amounts shown above will automatically become a final assessment
> without further notice to you.

2004 Notice of Deficiency; 2005 Notice of Deficiency.  January 18, 2009 is 60 days after the 2004

Notice of Deficiency and the 2005 Notice of Deficiency were sent to Debtors.

2

Debtors argue that under Missouri law, Debtors' return should be deemed assessed on the date of filing.  Debtors argue that since the date of filing was outside the 240-day statutory period for an exception from discharge, the tax debt for both 2004 and 2005 must be discharged.

The MDOR argues that the tax liability for 2004 and 2005 could not be deemed assessed until the amount was finally determined which did not take place until the 60-day protest period lapsed.  The MDOR argues that Debtors' 2004 and 2005 taxes were not assessed until January 18, 2009 which is within 240 days of Debtors' bankruptcy filing.  Therefore, the MDOR argues that the tax debt for both 2004 and 2005 are excepted from discharge.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C.  §§ 151, 157, and 1334 (2009) and Local Rule 81-9.01 of the United States District Court for the Eastern District of Missouri.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2009).  Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

The Court must determine whether the tax debt for Debtors' 2004 and 2005 state income taxes may be discharged.  This determination hinges on whether Debtors' 2004 and 2005 state income taxes were assessed within 240 days of Debtors' bankruptcy filing.  The Court resolves the matter below.

Section 507(a)(8)(A)(ii) allows a governmental authority to bring a cause of action to collect any debt for taxes which were "assessed within 240 days before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A)(ii) (2009).  Any tax debt allowed under Section 507(a)(8) is excepted from discharge. 11 U.S.C. § 523(a)(1)(A) (2009).

Debtors argue that Debtors' 2004 and 2005 income taxes were assessed on the date their amended 2004 and 2005 returns were filed, July 1, 2008.  The MDOR argues that Debtors' amended 2004 and 2005 returns were assessed 60 days after the 2004 Notice of Deficiency and

3

the 2005 Notice of Deficiency were sent to Debtors because Debtors had 60 days from that date to protest the deficiency amount.  Since Debtors did not protest the amount owed, the MDOR argues that Debtors' 2004 and 2005 income taxes were finally determined and thus assessed on January 18, 2009.

For purposes of Section 507(a)(8)(A)(ii), determination of the date of assessment of taxes is question of federal law. *In re O'Connell,* 246 B.R. 332, 334 (B.A.P. 8th Cir. 2000).  How a state determines the date of assessment is not controlling for purposes of Section 507(a)(8)(A)(ii). *In re Neeter,* 287 B.R. 449, 456 (Bankr. E.D. Mo. 2001)(citing *In re O'Connell,* 246 B.R. at 135).  "Like federal taxes, state and local taxes are assessed for purposes of Section 507(a)(8)(A)(ii) of the Bankruptcy Code when the amount of the tax liability is finally determined." *In re O'Connell,* 246 B.R. at 335.  The Court must therefore look to Missouri law to determine when an income tax liability to the MDOR is finally determined in order to determine the date of assessment. *See Id.*

Missouri Statute Section 143.701 states the following:

> The amount of tax which is shown to be due on the return (including revisions for mathematical errors) shall be deemed to be assessed on the date of filing of the return including any amended returns showing an increase of tax...If a notice of deficiency has been mailed, the amount of the deficiency shall be deemed to be assessed on the date provided in section 143.621 if no protest is filed; or, if a protest is filed, then upon the date when the determination of the administrative hearing commission becomes final. If an amended return or report filed pursuant to section 143.601 concedes the accuracy of a federal change or correction, any deficiency in tax under sections 143.011 to 143.996 resulting therefrom shall be deemed to be assessed on the date of filing such report or amended return and such assessment shall be timely notwithstanding any other provisions of sections 143.011 to 143.996...

Mo. Rev. Stat. § 143.701.1 (2009).  Thus, Debtors argue that the first sentence of Section 143.701.1 applies and the relevant date is the date the amended returns were filed.  The MDOR argues that since a notice of deficiency was mailed, the deficiency should be deemed assessed on the date provided in Section 143.621.  Missouri Statute Section 143.621 states:

4

> Sixty days after the date on which it was mailed (one hundred fifty days if the taxpayer is outside the United States), a notice of deficiency shall constitute a final assessment of the amount of tax specified together with interest, additions to tax, and penalties except only for such amounts as to which the taxpayer has filed a protest with the director of revenue.

Mo. Rev. Stat. § 143.621 (2009).

Debtors espouse the position that under Section 143.701.1, if the MDOR finds a mistake in a tax liability reported by a taxpayer/debtor, the MDOR will issue a notice of deficiency whereby the taxpayer/debtor would have 60 days to protest.  In the event of no protest, the date of assessment is 60 days after the notice of deficiency is sent.  Alternatively, if a taxpayer/debtor independently files an amended return correcting an error, the assessment occurs on the date the amended return was filed.

This Court must only determine when a tax liability is finally determined under Missouri law in order to determine the date of assessment for purposes of Section 507(a)(8)(A)(ii).  How a date of assessment is determined under Missouri law outside of the context of Section 507(a)(8)(A)(ii) is beyond the scope of the matter at hand.  Under Section 143.701.1, when a return is filed, if there is no response by the MDOR, the return shall be deemed finally assessed on the date of filing. However, if a notice of deficiency is issued by the MDOR, pursuant to Section 143.621, the tax liability will be deemed finally assessed 60 days after the notice of deficiency was issued. *See In re Neeter,* 246 B.R. at 456.

Debtors' amended 2004 and 2005 return reported a tax liability for both years.  The MDOR thereafter issued the 2004 Notice of Deficiency and the 2005 Notice of Deficiency on November 19, 2008, giving Debtors 60 days from that date to protest the amount owed.  Because Debtors had a 60-day opportunity to protest the tax liability upon receipt of the notices of deficiency, the date of filing cannot be the date that Debtors' tax liability was finally determined.  Debtors' tax liability did not become final until the 60-day protest period lapsed. *Id.* at 456-57.  Debtors' 2004 and 2005

5

income taxes were finally determined on January 18, 2009.

Pursuant to 11 U.S.C. § 507(a)(8)(A)(ii), the MDOR is entitled to assert a priority claim for the 2004 and 2005 tax debt because the tax debt for both years was finally determined on January 18, 2009, which is within 240 days of the date of Debtors' bankruptcy filing. A separate Order will be entered consistent with the above.

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  September 29, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Richard M. Maseles
Missouri Department of Revenue
P.O. Box 475
Jefferson City, MO 65105-0475

Steven W. LaBounty
District Counsel, I.R.S.
Robert A. Young Bldg., Rm. 6.301A
1222 Spruce
St. Louis, MO 63103

Missouri Department of Revenue
301 West High Street
P.O. Box 475
Jefferson City, MO 65105-0475

Internal Revenue Service
Attn: Bankruptcy Unit
PO Box 66778, 5334 STL
St. Louis, MO 63166

Missouri Department of Revenue
General Counsel's Office
Bankruptcy Unit
PO Box 475
Jefferson City, MO 65105